IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K'IN WAY XI, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-2028-N-BK |
| | § | |
| NEBRASKA FURNITURE MART, ET AL., | § | |
|     DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED** due to improper venue.

On July 30, 2020, Plaintiff K'in Way Xi, a resident of Dallas, Texas, filed a pro se *Complaint* against Nebraska Furniture Mart in The Colony, Denton County, Texas, and two of its employees. Doc. 3 at 1-3. Xi claims violations of federal law due to Defendants' refusal to grant him a sales tax exemption based on his Indian tribal membership. Doc. 3 at 4-5. XI seeks monetary and declaratory relief, Doc. 3 at 5, and also filed a motion to proceed *in forma pauperis*, Doc. 4.

Venue in a civil case is governed by 28 U.S.C. § 1391(b), which aims to place lawsuits in the judicial district most connected to the parties or the events giving rise to the action.

Section 1391(b) provides that a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Based on Xi's allegations, the events giving rise to his claims occurred at the Nebraska Furniture Store in Denton County, within the jurisdictional boundaries of the United States District Court for the Eastern District of Texas, Sherman Division.  28 U.S.C. § 124(c)(3). Further, Xi does not assert that any acts or omissions occurred within the geographic region served by the United States District Court for the Northern District of Texas.  As such, venue is not proper in the Northern District of Texas.

When venue is not proper, a district court has the authority to dismiss the case or transfer it in the interest of justice to any district or division in which the action could have been brought. 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").  See *Caldwell v. Palmetto State Savings Bank of South Carolina*, 811 F.2d 916, 919 (5th Cir. 1987) (concluding the district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice).

Here, considering the relative infancy of the case, that the events at issue occurred recently (in June 2020), and that no filing fee has been paid, the Court should apply its broad discretion to dismiss the complaint without prejudice to it being filed in the proper district.

Accordingly, it is recommended that Xi's complaint be **DISMISSED WITHOUT PREJUDICE** due to improper venue.  *See* 28 U.S.C. § 1406(a).

**SO RECOMMENDED** on August 18, 2020.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); F<small>ED</small>. R. C<small>IV</small>. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).